

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

**RECEIVED**

_Hannah Harrington_

_____

Plaintiff(s),

v. _FBRK Brands LLC._
A.K.A. _TRELC._

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)

**JUL 29 2025**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case Number: _____

1:25-cv-08883
Judge Sharon Johnson Coleman
Magistrate Judge Judge Jeannice W. Appenteng
RANDOM / CAT 2

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Hannah Harrington_ of the county of _Cook_ in the state of _IL_.

3. The defendant is _FBRK Brands LLC_, whose street address is _200 W. Madison St. #200_, (city)_Chicago_ (county)_Cook_ (state)_IL_ (ZIP)_60606_

(Defendant's telephone number) _(313)_ – _408.1352_ | _312.857.5521_

4. The plaintiff sought employment or was employed by the defendant at (street address) _233 S. Wacker Dr. #4400_ (city)_Chicago_ (county)_Cook_ (state)_IL_ (ZIP code)_60606_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.    The plaintiff [*check one box*]

(a)  ☐  was denied employment by the defendant.

(b)  ☐  was hired and is still employed by the defendant.

(c)  ☒  was employed but is no longer employed by the defendant.

6.    The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)__10____, (day)_23__, (year)_2024_.

7.1   *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a)   The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☒*has* ☐*has not* filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the

following government agencies:

(i)   ☒ the United States Equal Employment Opportunity Commission, on or about

(month)_12____ (day)_1__ (year)_2024_.

(ii)  ☒ the Illinois Department of Human Rights, on or about

(month)_2____ (day)_14_ (year)_2025_.

(b)   If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2   The defendant is a federal governmental agency, and

(a)    the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☒ Yes (month) 10 (day) 23 (year) 2024

☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____ .

(c)    Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes   ☒ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes   ☒ N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒    the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) 5 (day) 12 (year) 2025 a copy of which *Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10.    If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.    Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.    The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): *Equal Pay*_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

1. I was overworked + underpaid compard to male peers 2. No prior warnings before termination 3. Retaliated against after speaking up about misconduct. Performance 4. Policies manipulated to justify firing. 5. Hostile work environment led to stress + health issues. 6. Attacked during meeting

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [**check only those that apply**]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): _____

_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

Hanna Harrington
(Plaintiff's name)

625 W. Madison St 1010
(Plaintiff's street address)

(City) Chicago (State) IL (ZIP) 60661

(Plaintiff's telephone number) 314-707.2799

Date: 7/14/25

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6

EXHIBIT C



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/12/2025

**To:** Ms. Hannah E. Harrington
625 W. Madison St APT. 1010
CHICAGO, IL 60661
Charge No: 440-2025-01423

**FILED**

**JUL 09 2025**

MARIYANA I. SPIROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

EEOC Representative and email:    SETH BROWN
Investigator
seth.brown@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2025-01423.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
05/12/2025

Amrith Kaur Aakre
District Director

**Cc:**
DeJuan Kea
200 W Madison Street 200
CHICAGO, IL 60606

NA NA
200 W madison st 200
CHICAGO, IL 60606

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22) .

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2025-01423 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2025-01423 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# OFFICIAL RECEIPT



**The Honorable Mariyana T. Spyropoulos**
**Clerk of the Circuit Court of Cook County, IL**
**County Division**
**Daley Center**
**50 West Washington Street, Room 1202**

| Payor | Receipt No. |
|---|---|
| Harrington, Hannah E | **2025-37504-L1** |
| 625 W Madison ST | |
| APT 1010 | Transaction Date |
| Chicago, IL 60661-2720 | 07/09/2025 |

| Description | Amount Paid |
|---|---|

Harrington, Hannah E
    2025L050415
    Hannah Harrington -vs- Illinois Department of Employment Security,Director of the Illinois
    Department of Employment Security,FBRK Brands LLC,Personnel Planners,David
    Prosntz

| | Amount |
|---|---|
| Postage Fee | **0.73** |
|     US Postage | 0.73 |
| Postage Fee | **0.73** |
|     US Postage | 0.73 |
| Postage Fee | **0.73** |
|     US Postage | 0.73 |
| **SUBTOTAL** | **2.19** |

Remaining Balance Due: $0.00

07/09/2025    11:02 AM CDT

COOK CO DISTRICT 1 - LAW
DIVISION
50 WEST WASHINGTON STREET
RICHARD J. DALEY CENTER - ROOM 801
CHICAGO, IL 60602

TERMINAL NAME: E4895203

**ORDER# 205034923**

**PAYMENT**

INTEGRATED POS PAY...    $2.19
2025L050415

AGENCY SUBTOTAL: $2.19
LEXISNEXIS SERVICE FEE: $0.05

TOTAL USD: $2.24

--------------------------------
CARD #: 8113      VISA
PAYMENT: DEBITCHIP READ-CONTACTLESS
MODE:            ISSUER
AUTH CODE:        526762
APP LABEL:     US PREPAID
CVM:       PIN VERIFIED
AID:      A0000000980840
AROC:   9011629DC3A40009
AMOUNT:        $2.24
*** CARD APPROVED ***
--------------------------------

********************************
**AMOUNT PAID:**
**$2.24**
********************************

CUSTOMER COPY

| | |
|---|---|
| **PAYMENT TOTAL** | **2.19** |
| Credit Card (Ref #2025L050415) | |
| Tendered | 2.19 |
| Total Tendered | 2.19 |
| Change | 0.00 |

| 07/09/2025 | Cashier | Audit |
|---|---|---|
| 11:02 AM | Station LAW1015 | 63372801 |

# OFFICIAL RECEIPT

4050-0651

**Illinois Department of Employment Security**
Board of Review
115 S. LaSalle St.
19th Floor
Chicago, IL 60603
Phone: (312) 793-5176 · TTY: (800) 244-5631
Fax: (630) 645-3731
www.ides.illinois.gov

HANNAH E. HARRINGTON
625 W MADISON ST APT 1010
CHICAGO, IL 60661-2720

11 / 10279

Date Mailed: 06/05/2025
Claimant ID: 5311529
Docket Number: 2502806
Appeal Filed Date: 03/19/2025

## Board of Review Decision

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631.)

**Claimant Appellant**
HANNAH E. HARRINGTON
625 W MADISON ST APT 1010
CHICAGO, IL 60661-2720

**Employer**
FBRK BRANDS LLC FBRK BRANDS LLC
c/o PAYCHEX (BENEFITS)

**Employer's Agent**
C/O PAYCHEX (BENEFITS)
PO BOX 2000
HENRIETTA, NY 14467-2000

Type of Appeal: Misconduct

| Issue | Benefit Period |
|-------|----------------|
| 602A | 12/01/2024 to 12/31/9999 |

MC 485.05

This is an appeal by the claimant from a Referee's decision dated 02/19/2025, which set aside the claims adjudicator's determination and held that pursuant to 820 ILCS 405/602A, the claimant is not eligible for benefits from 12/01/2024. The employer is a party to these proceedings.

A written argument accompanying the claimant's appeal submitted on the claimant's behalf was not certified in writing to have been mailed to or served upon the opposing party, as required by Section 2720.315 of the Benefit Rules. Therefore, the claimant's argument was not considered by us in connection with this appeal. The claimant filed another written argument on May 8, 2025. The written argument submitted on the claimant's behalf was not certified in writing to have been mailed to or served upon the opposing party and not timely filed, as required by Section 2720.315 of the Benefit Rules. Therefore, the argument was not considered by us in connection with this appeal. The claimant on May 8, 2025 seeks to submit additional evidence consisting of various documents. We have not considered the claimant's request to submit additional evidence pursuant to Section 2720.315 of the Benefit Rules as the claimant failed to certify in writing that such request was served upon the employer.

We have reviewed the record of the evidence in this matter, including the transcript of the testimony submitted at the hearing conducted by telephone on 02/14/2025, at which the claimant and employer appeared and testified. The record adequately sets forth the evidence so that no further evidentiary proceedings are deemed necessary.

The record discloses that the claimant was employed by the employer as a SVP of analytics until October 25, 2024 when the claimant was discharged by the employer due to the claimant engaging in inappropriate conduct.

The employer's policies prohibited employees from fighting with fellow employees. The employer on October 11, 2024 had warned the claimant due to the claimant having verbally threatened an employee.

The employer conducted an employer's website review meeting on October 23, 2024 at which the claimant, the employer's SVP of operations, the employer's vice president of programming, the employer's senior vice president of technology and the employer's energy coordinator attended. The employer during the meeting was covering the claimant's responsibility of managing the employer's data and employer's information on the website. The claimant's tone and mood changed during the meeting to a point that the employer's SVP of operations recommended that the meeting be paused as it was not being productive. The claimant

L01L      Page 1 of 3      APL001L

HANNAH E. HARRINGTON                                                06/05/2025

proceeded to become very belligerent. The claimant indicated a desire to take the employer's property and proceeded to physically assault the employer's SVP of operations. The claimant was asked to leave but refused to do so. The employer had to call security in order to remove the claimant from the building.

820 ILCS 405/602A provides that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.

The testimony of the employer's SVP of operations taken in conjunction with the employer's other witnesses support a finding that the claimant physically assaulted the employer's SVP of operations in violation of the employer's policies. We find that the claimant failed to present such credible testimony to refute the testimony offered by the employer's witnesses. We hold that the evidence contained with the record supports a finding that the claimant on October 23, 2024 physically assaulted the employer's SVP of operations in violation of the employer's policies. We finally hold that the claimant's actions on October 23, 2024 constituted a deliberate and willful violation of the employer's policy concerning employee behavior which caused the employer harm.

The evidence adduced at the hearing established that the claimant was discharged for misconduct connected with the work under the general definition of misconduct contained in Section 602A of the Illinois Unemployment Insurance Act.

Pursuant to 820 ILCS 405/602A, the claimant is not eligible for benefits from 12/01/2024.

The decision of the Referee is AFFIRMED.

**(Este es un aviso importante respecto a sus derechos a repasar por los cortes. Si no entiende, busque un intérprete.)**

Notice of rights for further review by the courts:
If this is a final decision, and not a remand, you can appeal if you are aggrieved by the decision. If you want to appeal, you must file a complaint for administrative review and have summons issued in circuit court within 35 days from the mailing date, 06/05/2025.

You may only file your complaint in the circuit court of the county in which you reside or in which your principal place of business is located. If you neither reside nor have a place of business within Illinois, then you must file your complaint in the Circuit Court of Cook County.

Legal references:
Illinois Unemployment Insurance Act, 820 Illinois Compiled Statutes 405/1100
Administrative Review Law, 735 Illinois Compiled Statutes 5/3-101 et seq.

**TO:** HANNAH E. HARRINGTON, Claimant
**TO:** C/O PAYCHEX (BENEFITS), Employer Agent

**CC:** FBRK BRANDS LLC c/o PAYCHEX (BENEFITS) , Employer

HANNAH E. HARRINGTON                                                                          06/05/2025

proceeded to become very belligerent. The claimant indicated a desire to take the employer's property and proceeded to physically assault the employer's SVP of operations. The claimant was asked to leave but refused to do so. The employer had to call security in order to remove the claimant from the building.

820 ILCS 405/602A provides that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.

The testimony of the employer's SVP of operations taken in conjunction with the employer's other witnesses support a finding that the claimant physically assaulted the employer's SVP of operations in violation of the employer's policies. We find that the claimant failed to present such credible testimony to refute the testimony offered by the employer's witnesses. We hold that the evidence contained with the record supports a finding that the claimant on October 23, 2024 physically assaulted the employer's SVP of operations in violation of the employer's policies. We finally hold that the claimant's actions on October 23, 2024 constituted a deliberate and willful violation of the employer's policy concerning employee behavior which caused the employer harm.

The evidence adduced at the hearing established that the claimant was discharged for misconduct connected with the work under the general definition of misconduct contained in Section 602A of the Illinois Unemployment Insurance Act.

Pursuant to 820 ILCS 405/602A, the claimant is not eligible for benefits from 12/01/2024.

The decision of the Referee is AFFIRMED.

**(Este es un aviso importante respecto a sus derechos a repasar por los cortes. Si no entiende, busque un intérprete.)**

Notice of rights for further review by the courts:
If this is a final decision, and not a remand, you can appeal if you are aggrieved by the decision. If you want to appeal, you must file a complaint for administrative review and have summons issued in circuit court within 35 days from the mailing date, 06/05/2025.

You may only file your complaint in the circuit court of the county in which you reside or in which your principal place of business is located. If you neither reside nor have a place of business within Illinois, then you must file your complaint in the Circuit Court of Cook County.

Legal references:
Illinois Unemployment Insurance Act, 820 Illinois Compiled Statutes 405/1100
Administrative Review Law, 735 Illinois Compiled Statutes 5/3-101 et seq.

**TO:** HANNAH E. HARRINGTON, Claimant
**TO:** C/O PAYCHEX (BENEFITS), Employer Agent

**CC:** FBRK BRANDS LLC c/o PAYCHEX (BENEFITS) , Employer

4050-0652

HANNAH E. HARRINGTON                                              06/05/2025

# Board of Review

Docket Number: 2502806



*Brittany B. Kimble*

**Brittany Kimble,** Chair

*Lamarcus Williams signature*

**Lamarcus Williams,** Board Member

*Anthony Beach signature*

**Anthony Beach,** Board Member

*Deborah Hagan signature*

**Deborah Hagan,** Board Member

*Teresa Ramirez signature*

**Teresa Ramirez,** Board Member

Date and Mailed on 06/05/2025 at Chicago, Illinois

*Exhibit B: Support Statement*

**Hannah Harrington**
625 W. Madison St, Apt 1010
Chicago, IL 60661
(314) 707-2799
hannahharrington@outlook.com

**FILED**

JUL 09 2025

MARIYANA T. SPIROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

JUNE 26, 2025

**Statement in Support of Complaint for Administrative Review**

**Submitted by: Hannah Harrington**

I respectfully submit this statement to support my Complaint for Administrative Review:

On February 13, 2025, I submitted key evidence that was not considered during the February 14, 2025 hearing. I followed guidance from both IDES and the Board of Review, who incorrectly told me that I didn't need to send my documents directly to the employer. This misinformation led to my evidence being ignored.

After the hearing, I sought legal advice and reviewed the policy documents used against me. The version of the employee handbook I allegedly signed had been altered—this is clearly shown in my resubmitted evidence.

I have also received a Right to Sue letter from the EEOC for discrimination involving unequal pay, hostile work environment, and unfair treatment. My evidence shows multiple policy violations by former colleagues, not me. I was never given verbal or written warnings. I was overworked, underpaid, and continuously given more responsibility—proving the allegations against me were false.

I ask the Court to consider all evidence and correct the errors made in the original decision.

Respectfully,

Hannah Harrington

TO:
Illinois Department of Employment Security
Board of Review
Fax: (630) 645-3731

FROM:
Hannah E. Harrington
Phone: (314) 707-2799
Email: Hannahharrington@outlook.com
Date: 06/05/2025
Pages: 41

RE:
Board of Review Appeal – Claimant: Hannah E. Harrington
Docket No.: 250-2806
Claimant No.: 5311529

Summary of Appeal Supporting Evidence –
UI Denial, EEOC Charges, and Employer Misconduct

This fax includes supporting documentation for my appeal, addressing inconsistencies in testimony, policy violations, and retaliatory conduct by my former employer, FBRK Brands | TRECC.

1. Testimony Inconsistencies:
The employer's testimony under oath was materially inconsistent. Key contradictions include:

Mr. DeJuan Kea claims physical assault occurred in Mr. Young's presence; Mr. Young explicitly denied witnessing any assault.

Witnesses varied in descriptions of the alleged confrontation, the nature of contact, and the motive—ranging from "chest bump" to "going after property."

The supposed October 11th threat to Ms. Lewis was not corroborated by Ms. Lewis herself, despite her live testimony.

Discrepancies exist regarding when and where events occurred, making the employer's narrative factually unreliable.

2. Policy Manipulation:
Internal HR and disciplinary policies were applied retroactively, with no written warnings, performance documentation, or consistent enforcement.

These misrepresentations were presented at the UI hearing and used post-termination, despite violating the company's own stated procedures.

Policy manipulation and denial of due process were formally submitted to a federal agency for

review.

3. EEOC Charges Filed and Approved:

The Equal Employment Opportunity Commission (EEOC) has approved and docketed charges of discrimination against FBRK Brands.

EEOC Charge No.: 440-2025-01423
Date of Right to Sue Letter: May 12, 2025

Filed Charges Include:

Retaliation: Termination occurred after I raised internal concerns regarding inequity, misconduct, and inappropriate behavior from leadership.

Sex Discrimination: The handling of misconduct allegations, pay inequity, and differential treatment compared to male colleagues show clear gender-based bias.

Hostile Work Environment: Verbal hostility, physical intimidation, and failure to de-escalate conflict led to a psychologically unsafe workplace.

Constructive Discharge/Pretextual Termination: Sudden dismissal occurred following months of hostile leadership response to protected activity.

The employer's credibility is in serious doubt based on these documented findings.

CONFIDENTIALITY NOTICE:

This fax and any accompanying documents are intended only for the use of the individual or entity to which it is addressed and may contain confidential or privileged information. If you are not the intended recipient, any review, disclosure, copying, distribution, or use of this information is strictly prohibited. If you received this in error, please contact the sender and destroy all copies.

# Exhibit A : my Evidence

Claimant ID:

5311529

Hannah Harrington
625 W. Madison St, 1010
Chicago, IL 60661
314.707.2799
HannaHHarrington@outlook.com



Illinois Department of Employment Security (IDES)
Board of Review

**Subject:** Final Appeal Regarding Unemployment Benefits Denial – Docket No. 250-2806

## 1. Physical Assault

Location: Industrious - Willis Tower, #4400
Note: Conference Room B,
Hallway connecting to DeJuan & Vanessa's Office

The employer accused me of physically assaulting Mr. DeJuan Kea. However, witness testimonies differed significantly, and no direct eyewitness testimony conclusively supported this claim.

- Hannah immediately sought medical attention and attempted to file a police report following this incident, underscoring that I was the injured party, not the aggressor.

Notes from Hearing:

## DeJuan Kea (CEO)

He claimed:

- HH "physically assaulted me."

- HH "pushed me multiple times."

- HH "reached in and pushed my stomach area."

- HH were "trying to provoke me to respond physically."

- DK also alleged that HH was "trying to steal company property."

---

## Other Witness Testimony:

- **Vanessa Beavers**

  - Said HH "pushed her out of the way" while trying to leave.

  - Claimed she saw I "chest bump" DeJuan and try to grab his sweater.

  - Did not explicitly say *assault*, and her statements described more of a struggle or emotional tension.

- **Patrick Young**

  - **Did not** say he saw me assault anyone, All though he was in Conference Room B and saw I was assaulted twice.

  - Said HH were "going after property" and that "things escalated," but **could not** confirm physical assault, after being after by the UI Judge 3 times.

- **Lauren Lewis, Hallway**

  - Claimed HH "pushed DeJuan" and "flailed on the ground," but did **not use the word 'assault.'**

## Contradiction in Testimony: Chest Bump vs. Hand Through the Door

**Employer's Claim (Vanessa Beavers):**
**Vanessa testified that you "chest bumped" DeJuan Kea during the altercation.**

**Your Testimony:**
**You clearly stated that after DeJuan forcibly took your phone and laptop and walked into his office, you followed him and reached your hand through the door pocket of his hoodie trying to get your phone back — nothing more.**

- *"I went toward him, I said, 'I need my phone.' I reached in his hoodie pocket. That's all. My hand was through the door, and he pushed me."*

---

## ❗ Why This Matters:

- **A chest bump requires full body contact and physical proximity — which would be impossible if:**

    o **You were outside the office door,**

    o **He was inside, and**

    o **Only your hand reached through the doorway.**

**This directly contradicts Beavers' account and exposes a logical inconsistency in their version of events.**

---

## ✅ How to Use It in Your Case:

"Vanessa Beavers claimed I chest bumped DeJuan Kea, but the physical setup of the office and the events she described make that impossible. My own account, which is supported by the fact that I was reaching for my phone, confirms that only my hand entered through the partially open door. There was no full-body contact, and certainly no chest bump — that statement is not only false but physically implausible given the space and setup."

Claimant ID:

5311529

Hannah Harrington
625 W. Madison St, 1010
Chicago, IL 60661
314.707.2799
HannaHHarrington@outlook.com

Illinois Department of Employment Security (IDES)
Board of Review

**Subject:** Final Appeal Regarding Unemployment Benefits Denial – Docket No. 250-2806

**Using Company Time for Personal Business**

## ◆ EEOC Rebuttal: Contract Violation by Patrick Young – Unsolicited Business Proposal

In reference to the employer's own Employee Agreement, I am citing the following clauses:

### 🗎 Section 18. NON-SOLICITATION

*"The Employee understands and agrees that any attempt... to solicit, entice, or hire away any employee or contractor of the Employer for the purpose of an employment opportunity that is in competition with the Employer, is strictly prohibited during and for two years following employment."*

### 🗎 Section 15. CONFLICT OF INTEREST

*"The Employee will advise the Employer of the opportunity and cannot pursue the opportunity, directly or indirectly, without the written consent of the Employer."*

## Final Appeal Submission – EEOC and IDES UI

**Claimant ID:** 5311529
**Name:** Hannah Harrington
**Address:** 625 W. Madison St, Apt 1010, Chicago, IL 60661
**Phone:** 314.707.2799
**Email:** HannahHarrington@outlook.com
**Docket No.:** 250-2806
**Agency:** Illinois Department of Employment Security (IDES) – Board of Review
**Subject:** Final Appeal Regarding Unemployment Benefits Denial – Docket No. 250-2806

I am submitting this final written statement for consideration in both my EEOC and IDES UI appeal, regarding the wrongful termination and retaliatory accusations made by my former employer, FBRK Brands LLC.

---

## 🍷 Alcohol Use Allegations – Rebuttal & Transcript Support

### ⅄ Employer's Allegations:

- That I drank alcohol in front of graduates and their families during a **graduation event on June 1, 2024.**

- That a **bottle of Patron tequila** was found under my desk on **July 25, 2024.**

---

## 🗒 Witness Testimony Summary

| Witness | Claim | Did They Witness Alcohol Use? | Details/Notes |
|---|---|---|---|
| DeJuan Kea | Said I drank at graduation & had Patron under desk | ✗ No | Relied on secondhand reports; did not witness either event |
| Patrick Young | Said alcohol was "present in the office" | ✗ No | General statement; no specific date or incident |
| Vanessa Beavers | Focused only on Oct 23 incident | ✗ No | No mention of alcohol use |
| Lauren Lewis | Made no comments or claims about alcohol | ✗ No | Completely unrelated to this allegation |

## ☒ Key Gaps and Contradictions

- No witness confirmed seeing me consume alcohol.

- No witness stated they personally found or removed a bottle from my desk.

- No documentation, photos, or HR reports were provided to verify either claim.

- I was **offsite all day on July 25, 2024**, attending a **Chicago Tech Week event** (confirmed via QR code & email).

- I have **video evidence and a witness (Charmaine)** supporting my professional behavior at the **June 1 graduation event.**

- These allegations were **never raised during my employment** — only during the hearing, **after my termination.**

---

## 🔳 Rebuttal Statement

The employer's alcohol-related accusations are **unsubstantiated and unsupported** by any direct witness testimony or documented policy violations.

At no point during the UI hearing did any witness say they personally saw me drinking alcohol or possessing alcohol at work. In fact:

- I was not even present in the office on **July 25.**

- I conducted myself professionally during the **June 1 graduation**, with evidence and witnesses to prove it.

Furthermore, **FBRK Brands** operates from **Impact House and Industrious Willis Tower**, both of which host regular **happy hours.**

- **Drinking in these spaces is normal and observed openly by company leadership, including DeJuan Kea.**

- There is **no policy in the employee handbook** prohibiting drinking in these environments.

- These claims only surfaced **after termination**, making them appear **retaliatory and fabricated** to justify an already-made decision.

## *EXHIBIT 4.a: Proof Weekly Happy Hours Common Practice*



**INDUSTRIOUS**   Workspaces ⌄   Locations   Partnerships ⌄   Resources ⌄   👤⌄   EN⌄   ( Get In Touch )

Industrious at Willis Tower
233 S Wacker Dr, Chicago, IL

( See What's Available )   ( Book a Tour )

## All the perks, always standard

**Stay social, stay connected**
- Weekly Happy Hours
- Community Events
- Exclusive deals with partners
- Guests are welcome*
- Daily Breakfast & Snacks

**The essentials, elevated**
- Fast, Secure Wi-Fi
- Unlimited Color Printing
- Mail & Packaging
- Office Supplies
- Professional-Grade Cleaning

**No surprises, just options**
- 24/7 Access to home location
- Transparent pricing
- Flexible term options
- Upgrade at your convenience

*Private office members and coworking members may have different guest policies

## EXHIBIT 4.b :

**Hannah Harrington**
Re: ChiTechWK

July 25, 2024 at 9:00 AM

To: DeJuan Kea, Cc: Venessa Beaver, Asya Hobbs, Lauren Lewis, Senyo Ador, David Evers & 1 more

Details

Good morning Team!

I hope everyone is enjoying Chi-Tech Week in your own special way :)
This has been a huge eye opener of the impact we are having in Chicago's Tech Scene.

This is what I settled on. A bit more detailed w/ calls to action.
Objective: Build meaningful contacts for future campaigns



This are the events that I've addended so far:
Coding in Color ————
TechNexus Founder & VC w/ Stryke EduApp Demo
PC's for People ————
Pixel Power: Gamifying Tech & Generational Marketing by Eight Bit Studios

Remaining events I'm attending:
**Thu, July 25, 2024**

**TechChicago Day & Reception**

1229 W Concord Pl, Chicago 12:00 pm–9:00 pm
Free - limited capacity

**Sat & Sun, July 26-27, 2024**
**Bantu Fest, I got 1-2 tables for TECH!**
Midway Plaisance
1130 Midway Plaisance, Chicago, IL 60637
$25 +tax

Pending Task:
Request to use TRECC banners and table cover for bantu fest

Carpe Diem
Hannah Harrington
SVP of Analytics
FBrands | TRECC | myCoder
HH@TRECCLife.org
www.TRECCLife.org

On Jul 24, 2024, at 1:25 PM, DeJuan Kea <dk@trecclife.org> wrote:

Hannah

Good afternoon. What is the flyer for

Get Outlook for IOS

From: Hannah Harrington <hh@trecclife.org>
Sent: Tuesday, July 23, 2024 2:53:59 PM
To: Vanessa Beaver <vb@trecclife.org>; DeJuan Kea <dk@trecclife.org>; Asya Hobbs <ahobbs@trecclife.org>; Lauren Lewis <lauren@trecclife.org>; Senyo Ador <sa@trecclife.org>; David Evers <de@trecclife.org>; Brian Gorman <bgorman@trecclife.org>; Hannah Harrington <hh@trecclife.org>
Subject: ChiTechWK

Hey Team!

I'm going to events for Chicago Tech Week, and I wanted to get you input before I put this on the flyer!

Your Feedback is needed, thank you!
https://www.canva.com/design/DAGLyvBWvxg/o1qn4W6HMJ5yWatlr8a2NA/view?
utm_content=DAGLyvBWvxg&utm_campaign=designshare&utm_medium=link&utm_source=editor

note: QRCode will be placed once approved
<image001.png>

**EXHIBIT 4.c:**



**_EXHIBIT 4.d:_**



**Sat, Jul 20 at 1:39 PM**

Chicago Tech Week
https://gotechchicago.com/week/

Hey DK!

I hope you're enjoying your day :)
Needed to reach out about Chicago's upcoming Tech
Week. Lauren and I will be attending the kick off
celebration tomorrow!

Coded in Color: Rooftop Summer Day
7022 S South Shore Dr, Chicago, IL

Ms. Serita Love (her office next to mine) is hosting
Monday and Tuesday evening events and anxiously
invited us to attend as well.

Hey Hannah. Sounds good. Have fun

Will do!

**Mon, Jul 22 at 1:29 PM**

Hey DK!
Hope ur Monday is going ur way today :)  ok, when have
a quick 5mins please call at your convenience :)

Good afternoon. What's going on Hannah?

Yes! As you know Chicago Tech Week, kicked off with
the coded in color event in South Shore Area yesterday.
It was a very nice turn out, with most having an idea on
who TRECC is, after me just walking in the room. This
was a HUGE opportunity to let the masses know the
good news that TRECC is for all ages, offering WebDev
and HDT virtual classes. And expanding on all of our
initiatives as well. Made a lot of meaningful contacts.
Like Bruce Montgomery as well 😊

Lauren was not to attend but I had a Charmaine, a grad
from the HDT program to acompany me to talk about
her experience as well

It was a hit! I am doing a TRECC | Chicago Tech Week
Campaign ALL WEEK, to collect even more contacts for
future newsletters, enrollments and events

My goal is 100 ppl

Yup, just letting you know what's going on, just in case
you had some input

Thanks. Continue to enjoy the conference.

Will do Thank you 😊

---

## ꕯ Patrick Young Violated These Terms:

Patrick Young personally solicited me on multiple occasions to work with or advise on the operations of Urban Academy and Urban Academy Co-Op, organizations that:

- **Are unaffiliated with FBRK Brands or TRECC,**

- **Operate in a similar youth tech and education space, thus creating potential conflict of interest, and**

- **Had no written approval or oversight from our employer.**

This was a direct breach of both the non-solicitation and conflict of interest terms outlined in our contracts.

---

## ☑ Why This Strengthens My Case:

- **I am being scrutinized for allegedly working on my own project (*MyCoder*), despite being transparent and seeking written mentorship guidance.**

- **Meanwhile, Patrick was actively soliciting me for unrelated ventures without any consequences.**

- **This shows a double standard in enforcement and supports my claim of retaliation and selective accountability within the organization.**

# Witness Testimony Outline – Using Company Time for Personal Business

## ⌐ Allegation:

The employer alleged that Hannah Harrington conducted personal business — specifically related to her venture *MyCoder* — during company time, and that this interfered with her responsibilities at FBRK Brands | TRECC.

## Rebuttal Statement:

---

## ◆ October 10 Incident: Retaliation Trigger Despite Contract Compliance

On **October 10, 2024**, DeJuan and Vanessa were present in their office at the end of the workday to ask for mentorship and guidance. My intention was to learn how to responsibly partner with organizations like aiEDU, which offers free, open-source AI education for K–12 students — directly aligned with TRECC's educational goals.

Throughout my time at TRECC, I had been open and collaborative with colleagues, regularly sharing MyCoder updates and ideas with **Lauren, Vanessa, Senyo, David, Patrick, and Brian**. These discussions were always encouraged — until internal funding issues arose in **May 2024**, which appeared to shift the tone and support.

During this Oct. 10 conversation, DeJuan unexpectedly became verbally aggressive. When I looked down mid-conversation, he demanded I look at him. Then, in frustration, he stated:

> **"I don't give a fuck** about MyCoder or Cycle Breakers," (Which is Vanessa and my companies)
> I explained these efforts were aligned with **TRECC's community goals**, to which he yelled:
> **"No it's not — it's for you."**
> He then ordered me out of the office **three times**, growing louder each time, though I had done nothing wrong. I left the officw shaken and emotionally distressed. That night, I privately recorded my thoughts and feelings, which can be heard at this link:
> 📽 https://share.zight.com/nOu21d9w

---

## 📄 Relevant Contract Clause (2nd Contract):

https://drive.google.com/file/d/103Z0zT4yx3z25HGUcB8fjpMZyazAtk7c/view?usp=drive_link

My second employment contract explicitly states that I am required to **notify the employer** if I plan to partner with outside companies.

I was not only compliant with this clause — I **initiated** the mentorship conversation with leadership in good faith. Instead of constructive feedback, I was met with public humiliation and escalating hostility. This exchange appears to be the **first act of retaliation** leading to my termination less than two weeks later.

---

# 📃 Witness Testimony Summary

| Witness | Claim | Specific Details? | Documentation Provided? |
|---|---|---|---|
| **DeJuan Kea** | Claimed Hannah worked on MyCoder and attended unrelated business activities during work hours. | ✳ Yes (general statement only) | ✗ No time logs, screenshots, or emails |
| **Patrick Young** | Mentioned Hannah talked about job interviews with four companies during a team meeting. | ✳ Yes (Sept 11 incident referenced) | ✗ No written follow-up, no HR report |
| **Vanessa Beavers** | Did **not** testify that Hannah worked on personal business. | ✗ No | ✗ No |
| **Lauren Lewis** | Did **not** make any claim regarding business activity during work hours. | ✗ No | ✗ No |

---

# ✗ Key Gaps and Contradictions

- **No evidence** was presented showing Hannah used TRECC devices or time to operate MyCoder.

- No **screenshots, schedules, timesheets, or productivity logs** were submitted.

- Claim is inconsistent with prior employer encouragement:

  - **Text from DeJuan dated July 20, 2024**, stated:

    "Hannah, sounds good. Have fun and continue to enjoy the [Tech Week] conference."

    - This contradicts his later claim that the event was non-work related and inappropriate.

- Hannah previously received verbal support for pursuing tech partnerships and professional development.

- Other employees (Lauren, Senyo, David, etc.) also discussed and promoted their personal businesses.

---

# ⟳ Your Counterpoints:

- MyCoder was developed with the knowledge and encouragement of FBRK Brands leadership as part of professional development efforts.

- DeJuan and other team members actively supported your participation in Tech Week and other networking events — even those not directly under TRECC.

- There was **no policy in place** restricting outside collaboration, and other colleagues were allowed to promote or discuss side ventures without consequence.

- No HR concerns were raised during your contract or employment about personal business conduct.

- If your performance had been impacted by these activities, it would have been documented — but **it never was.**



**STEM Learning Ecosystems**
4,232 followers
5mo · Edited · ⓒ

**+ Follow**

🚀 The AI and Emerging Technologies Summit at the 2024 SLECoP Convening in Chicago is almost here!

Join us at McCormick Place on October 29th for our "Expert AI Voices in Education" session, featuring visionary leaders at the forefront of AI in education:
* Alex Boakye, Vice President at SAS
* Alex Kotran, CEO of aiEDU
* Brett Roer, CEO of Amplify & Elevate Innovation
* Erin Mote, CEO of InnovateEDU
* Yusuf Ahmad, Co-Founder of Playlab AI

Our convening theme, "Access in Action!," focuses on how AI can bridge opportunity gaps and drive innovation. Discover how these experts are shaping the future of education and workforce development by harnessing AI to democratize technology and foster community-driven change.

Don't miss out on this chance to learn, network, and collaborate with STEM change makers to tackle challenges, build essential skills, and create actionable solutions for a more inclusive future.

The AI Summit is made possible by Booz Allen Hamilton Foundation and aiEDU. #boozallenfoundation

🔗 REGISTER TODAY: https://lnkd.in/e4M4yaBW
#STEMEcosystems #ChicagoConvening #AccessInAction to join the conversation!



**<u>Using company time and property for personal business</u>:**
**All employees have their own businesses and common to merge personal business functionality with Fbrk Brands Incentives & Events:**
**Senyo Ador - Sesenergi Eco Solutions Enterprise | <u>https://sesenergillc.com/</u>**
**Brian Gorman - Brian owns multiple businesses | <u>https://www.enterthecity.com</u>**
**Patrick Young - Urban Tech Academy and Urban Tech Co-Op**
**<u>https://urbantechacademy.org/</u> | <u>https://urbantechcoop.com/</u>**
**Vanessa Beaver - Cycle Breakers | <u>https://www.cbhealingcenters.com/who-we-are</u>**
**Lauren Lewis - Ms. Lewis confirmed Mr. Ador's partnership in building her renewable energy business established.**

Claimant ID:

5311529

Hannah Harrington
625 W. Madison St, 1010
Chicago, IL 60661
314.707.2799
HannaHHarrington@outlook.com

Illinois Department of Employment Security (IDES)
Board of Review

Subject: Final Appeal Regarding Unemployment Benefits Denial – Docket No. 250-2806

Poor Job Performance and Insubordination

# Witness Testimony Outline – Poor Job Performance Allegation

### ʎ Allegation:

The employer claimed that Hannah Harrington failed to meet job expectations and did not complete responsibilities related to website management, communications, and administrative follow-up. They also alleged she discussed outside job opportunities during company hours.

---

## 📋 Rebuttal Statement:

The employer's allegations of poor job performance are vague, unsupported, and were not documented during my employment. No witness provided concrete examples of missed deliverables or ongoing issues. I was never placed on a performance improvement plan, given written feedback, or formally warned about my work.

I communicated with Mr. Kea about platform renewals and access issues tied to his control of the GoDaddy account. The Oct 23 meeting was the first time my work was questioned — and only after I had already raised concerns about organizational instability and unpaid amounts. These performance allegations

appear retroactively added to support my termination and were not grounded in any documented workplace policy or procedure.

## 📃 Witness Testimony Summary

| Witness | Claim | Specifics Provided? | Documentation Provided? |
|---------|-------|---------------------|-------------------------|
| DeJuan Kea | Claimed Hannah failed to complete tasks related to GoDaddy product renewals, site work, and internal responsibilities. Also claimed she interviewed with 4 other companies during work hours. | ❇ Yes (vague claims, no dates) | ❌ No written warnings, no performance reviews |
| Patrick Young | Supported that questions were being asked about website progress during Oct 23 meeting; said Hannah became frustrated. | ❌ No specific examples of missed tasks | ❌ No documentation |
| Vanessa Beavers | Mentioned "the meeting was unproductive," and Hannah didn't want to take a break. Did not list specific job failures. | ❌ No | ❌ No |

| Lauren Lewis | Did **not** mention anything about work performance. Focused only on the Oct 23 incident. | ☒ No | ☒ No |
|---|---|---|---|

## ☒ Key Gaps and Contradictions

- No **formal disciplinary record** was provided by the employer.

- No **performance improvement plan**, evaluation, or written feedback was referenced or submitted.

- All references to performance were **vague**, lacked specific deliverables, and came **after the fact** (at hearing).

- The GoDaddy issue involved shared access credentials, and **you explained that DeJuan controlled the account login and 2FA codes**, preventing full administrative control on your part.

- No timeline or breakdown of what tasks were allegedly left incomplete was presented.

- Your prior contributions (contractor phase and promotion to SVP of Analytics) were never disputed until the day of the incident.

## ☒ Your Counterpoints:

- You were actively working and responding to tasks, including email communication with DeJuan about GoDaddy renewals before the Oct 23 meeting.

- You **were never warned** about poor performance.

- The only performance reference during your employment was **positive** (e.g., ongoing trust with systems, attending professional events with approval).

- You were placed in charge of analytics and digital infrastructure with high responsibility — a role that implies strong prior performance.

- GoDaddy access was limited due to DeJuan being the primary account holder and the system requiring his 2FA codes.

- Discussing professional growth or seeking mentorship is not performance failure — and was previously encouraged by other team members.

Claimant ID:

**5311529**

Hannah Harrington
625 W. Madison St, 1010
Chicago, IL 60661
314.707.2799
HannaHHarrington@outlook.com

Illinois Department of Employment Security (IDES)
Board of Review

**Subject:** Final Appeal Regarding Unemployment Benefits Denial – Docket No. 250-2806

# Alleged Threatening Behavior

The employer's allegation that I threatened Lauren Lewis is unsubstantiated and was never addressed with me during my time at the company. There was no HR meeting, verbal or written warnings, or opportunity to respond. Lauren Lewis was **not present during the meeting on October 23**, when this issue was raised as part of the termination justification. She was with coworkers Asya and Ron in the Industrious lobby, not in the meeting. Furthermore, she did not testify to feeling threatened during this hearing.

I, however, have presented call logs and text messages showing that **she harassed and threatened me** after I ended communication. The employer failed to investigate or address her misconduct while using an unsupported allegation to justify my dismissal.

# Witness Testimony Outline

---

### ☑ 1. DeJuan Kea (CEO)

**Claim:**

- Alleged that on **October 11, 2024**, Hannah threatened Lauren Lewis.

- Claimed Hannah pressured Lauren to choose between working for TRECC or Hannah's personal venture (MyCoder).

- Framed it as an intimidation tactic and unprofessional conduct.

**Details Provided:**

- Cited that Lauren reported the threat.

- No documentation submitted (e.g., email, HR complaint).

- Did not call this a written incident at the time — brought it up only during the termination justification.

---

## 📷 2. Lauren Lewis (Coordinator, Renewable Energy)

**Claim:**

- Claimed Hannah attempted to grab for DeJuan Kea during the October 23 incident.

- Testified she saw Hannah "flailing on the floor" but **did not state that she was threatened on October 11** or describe any conversation where she felt endangered.

**Details Missing:**

- Did **not verbally testify** about receiving a threat.

- Did **not confirm or describe** the alleged October 11 conversation or show any discomfort during the hearing related to it.

---

## 📷 3. Vanessa Beavers & Patrick Young

**Testimony:**

- Did **not mention or confirm** hearing, witnessing, or being aware of any threats made by Hannah toward Lauren Lewis.

- No backup of DeJuan's threat narrative.

---

# ⟨?⟩ Your Counter-Evidence

- **Call logs and texts from October 11, 2024** show:

    o   You told Lauren you were uncomfortable and needed space.

    o   She responded with **repeated calls** (8+ back-to-back).

    o   When you answered one of the calls, **she threatened to "beat your ass."**

    o   You warned her you were recording the call for your safety.

    o   She later followed up by texting you that you were "bogus" for recording.

---





Claimant ID:

5311529

Hannah Harrington
625 W. Madison St, 1010
Chicago, IL 60661
314.707.2799
HannaHHarrington@outlook.com

Illinois Department of Employment Security (IDES)
Board of Review

**Subject:** Final Appeal Regarding Unemployment Benefits Denial – Docket No. 250-2806

- **Rebuttal to Alleged Theft of Company Property**

1st Contract Nov23 =
https://drive.google.com/file/d/1r2ajlCSmG7Hx1OGHG_j40ZV5TWdH9_4L/view?usp=sharing
This shows my request for a phone and laptop

Location: Industrious - Willis Tower, #4400
Note: Conference Room B,
Hallway connecting to DeJuan & Vanessa's Office
Witnesses:
Conference Room B:
Kea, Beaver, Young
Hallway connecting to DeJuan & Vanessa's Office:
Lewis, Ron, Hobbs, Evers

I was falsely accused of attempting to steal company property —
specifically, a work-issued phone and laptop. It is also important to note that
the allegation of theft of company property was not included in my official
termination letter dated October 25, 2024. This claim was introduced later
during the unemployment insurance (UI) hearing and not during any
internal discussion or formal notice. The timing of this accusation—after my
termination and without any prior investigation or documentation—raises
serious concerns about its credibility and suggests it may have been
retroactively introduced to justify an otherwise unjust termination.

This accusation is baseless for the following reasons:

1. **I was actively using both items for work** during an official, pre-scheduled meeting on October 23, 2024. These devices were essential tools assigned to me in my role as Sr Software Developer and SVP of Data Analytics.

2. **Given a week's notice of request without cause** for the return of these items was communicated to me before or during the meeting. The sudden demand for the immediate return came without explanation if I wasn't being fired, and the employer failed to present any formal policy or documentation justifying this action during the hearing.

3. The incident escalated only after Mr. Kea **aggressively grabbed** the phone off my person and yanked the laptop away while I was still holding it, causing me physical harm. **My reaction was not theft — it was an attempt to retrieve my personal belongings because the phone case doubles as my wallet.**

This accusation of theft appears to be retaliatory in nature and lacks any supporting policy, documentation, or procedural fairness.

### Attempted Theft of Company Property

- **Allegation:**
  - Employer alleged you attempted to "steal" the company-issued phone and laptop during a meeting.

- **Witness Statements:**
  - **DeJuan Kea:** Claimed theft and refusal to return company property.

  - **Vanessa Beavers:** Confirmed conflict about returning property but unclear on policy details.

2. ✕ Employer's Submitted Version in UI Hearing 2/14/2025 (Includes Fraudulent Section 5.4) – **Exhibit 1.b** : HANNAH E. HARRINGTON SUPP DOCS.pdf



EMPLOYER SUPPORTING DOCUMENTS FOR UNEMPLOYMENT HEARING

S   sreed1@paychex-ui.com <sreed1@payc...   Wednesday, February 12, 2025 at 12:42PM

To: hannahharrington@outlook.com;   Cc:   sreed1@paychex.com

HANNAH E. HARRIN...
1.9 MB

Download   Preview

Hello,

Attached are documents the employer would like to submit for the below hearing. These are also being overnighted to you via UPS so you have a physical copy as well.

CLAIMANT: HANNAH E. HARRINGTON
EMPLOYER: FBRK BRANDS LLC
CASE/DOCKET: 2502806
SSN: XXX-XX-2791

Shaquana Reed
SUI Services Hearing Specialist

**PAYCHEX**
HR | Payroll | Benefits | Insurance

PO Box 2000

## 🪁 Statement for Consideration:

### Observation on Policy Document Manipulation

I believe the policy document referencing standards of conduct 5.4 was manipulated post-termination to justify the accusations against me. This document was never cited during my employment, and no prior disciplinary actions were taken. The sudden reliance on this document during the hearing suggests it may have been altered to retroactively support the employer's claims. I urge the Board to carefully review the authenticity and timing of this documentation.

# EXHIBIT 1.c : 5.4 Standards of Conduct

## **Sources:**

**First Grant Contract: 11/1/2023**
https://drive.google.com/file/d/1r2ajICSmG7Hx1OGHG_j40ZV5TWdH9_4L/view?usp=sharing

**Second Grant Contract: 5/1/2024**
https://drive.google.com/file/d/103Z0zT4yx3z25HGUcB8fjpMZyazAtk7c/view?usp=drive_link

**Modified Handbook provided to UI Government Entity:**
https://drive.google.com/file/d/1QuSk7A3nEcADIqzFBybDah7moMitF_L7/view?usp=sharing

Employer includes termletter and section 5.4 with employee handbook for plausible deniability in their attempt to submit fraudulent documents. Which worked in the UI hearing by me losing my case because of policies presented

HANNAH E. HARRINGTON
2502806
E3



**FBRANDS**

## 5.4 Standards of Conduct

FBRK Brands wishes to create a work environment that promotes job satisfaction, respect, responsibility, integrity, and value for all our employees, clients, customers, and other stakeholders. We all share in the responsibility of improving the quality of our work environment. By deciding to work here, you agree to follow our rules.

While it is impossible to list everything that could be considered misconduct in the workplace, what is outlined here is a list of common-sense infractions that could result in discipline, up to and including immediate termination of employment. This policy is not intended to limit our right to discipline or discharge employees for any reason permitted by law.

Examples of inappropriate conduct include:

- Violation of the policies and procedures set forth in this handbook.
- Possessing, using, distributing, selling, or negotiating the sale of illegal drugs or other controlled substances.
- Being under the influence of alcohol during working hours on Company property (including in Company vehicles), or on Company business.
- Inaccurate reporting of the hours worked by you or any other employees.
- Providing knowingly inaccurate, incomplete, or misleading information when speaking on behalf of the Company or in the preparation of any employment-related documents including, but not limited to, job applications, personnel files, employment review documents, intra-company communications, or expense records.
- Taking or destroying Company property.
- Possession of potentially hazardous or dangerous property (where not permitted) such as firearms, weapons, chemicals, etc., without prior authorization.
- Fighting with, or harassment of (as defined in our EEO policy), any fellow employee, vendor, or customer.
- Disclosure of Company trade secrets and proprietary and confidential commercially sensitive information (i.e. financial or sales records/reports, marketing or business strategies/plans, product development information, customer lists, patents, trademarks, etc.) of the Company or its customers, contractors, suppliers, or vendors.
- Refusal or failure to follow directions or to perform a requested or required job task.
- Refusal or failure to follow safety rules and procedures.
- Excessive tardiness or absences.
- Smoking in no designated areas.
- Working unauthorized overtime.
- Solicitation of fellow employees on Company premises during working hours.
- Failure to dress according to Company policy.
- Use of obscene or harassing (as defined by our EEO policy) language in the workplace.
- Engaging in outside employment that interferes with your ability to perform your job at this Company.
- Gambling on Company premises.
- Lending keys or keycards to Company property to unauthorized persons.

Nothing in this policy is intended to limit your rights under the National Labor Relations Act, or to modify the at-will employment status where at-will is not prohibited by state law.

- o **Patrick Young:** Observed your attempts to keep possession of company property, but not characterized explicitly as theft.

- o **Lauren Lewis:** Observed conflict over property but did not provide clear testimony on theft intention.

# Evidence Statement: Employee Handbook Policy Manipulation

**Claimant:** Hannah E. Harrington
**Employer:** FBRK Brands LLC
**Docket Number:** 2502806
**Submission Title:** Evidence of Altered Handbook Policy – Section 5.4 "Standard of Conduct"

---

## 🔍 Summary of Discrepancy:

Upon reviewing the documents submitted to Unemployment Insurance (UI) by my former employer, I found that **Section 5.4 – "Standard of Conduct"** was included in the version of the employee handbook they submitted. However, this section **did not exist in the original handbook I received and acknowledged at the start of employment.**

## 📝 Facts:

- I was never issued or made aware of a "5.4 Standard of Conduct" section during onboarding or throughout my employment.

- No updated handbook, addendum, or written acknowledgment was provided for this new section.

- The employer submitted a version to UI where the "Standard of Conduct" section was **merged in without disclosure or consent.**

## ☞ Attached Evidence:

1. ☑ **Original Handbook Excerpt (No Section 5.4)** – [Attach/Label: Exhibit A : https://drive.google.com/file/d/103Z0zT4yx3z25HGUcB8fjpMZyazAtk7c/view?usp=drive_link ]

2. ✗ **Employer's Submitted Version (Includes Section 5.4)** – [Attach/Label: Exhibit B : https://drive.google.com/file/d/1QuSk7A3nEcADlqzFBybDah7moMitF_L7/view?usp=sharing ]

---

## 🖊 Statement for Consideration:

I respectfully request the court or agency to recognize that this section was **not part of my original terms of employment**. Therefore, its use in justifying any claims of misconduct or policy violation is **procedurally invalid and prejudicial**.

HANNAH E. HARRINGTON
2502806
E3



**FBRANDS**

### 5.4 Standards of Conduct

FBRK Brands wishes to create a work environment that promotes job satisfaction, respect, responsibility, integrity, and value for all our employees, clients, customers, and other stakeholders. We all share in the responsibility of improving the quality of our work environment. By deciding to work here, you agree to follow our rules.

While it is impossible to list everything that could be considered misconduct in the workplace, what is outlined here is a list of common-sense infractions that could result in discipline, up to and including immediate termination of employment. This policy is not intended to limit our right to discipline or discharge employees for any reason permitted by law.

Examples of inappropriate conduct include:

- Violation of the policies and procedures set forth in this handbook.
- Possessing, using, distributing, selling, or negotiating the sale of illegal drugs or other controlled substances.
- Being under the influence of alcohol during working hours on Company property (including in Company vehicles), or on Company business.
- Inaccurate reporting of the hours worked by you or any other employees.
- Providing knowingly inaccurate, incomplete, or misleading information when speaking on behalf of the Company or in the preparation of any employment-related documents including, but not limited to, job applications, personnel files, employment review documents, intra-company communications, or expense records.
- Taking or destroying Company property.
- Possession of potentially hazardous or dangerous property (where not permitted) such as firearms, weapons, chemicals, etc., without prior authorization.
- Fighting with, or harassment of (as defined in our EEO policy), any fellow employee, vendor, or customer.
- Disclosure of Company trade secrets and proprietary and confidential commercially sensitive information (i.e. financial or sales records/reports, marketing or business strategies/plans, product development information, customer lists, patents, trademarks, etc.) of the Company or its customers, contractors, suppliers, or vendors.
- Refusal or failure to follow directions or to perform a requested or required job task.
- Refusal or failure to follow safety rules and procedures.
- Excessive tardiness or absences.
- Smoking in no designated areas.
- Working unauthorized overtime.
- Solicitation of fellow employees on Company premises during working hours.
- Failure to dress according to Company policy.
- Use of obscene or harassing (as defined by our EEO policy) language in the workplace.
- Engaging in outside employment that interferes with your ability to perform your job at this Company.
- Gambling on Company premises.
- Lending keys or keycards to Company property to unauthorized persons.

Nothing in this policy is intended to limit your rights under the National Labor Relations Act, or to modify the at-will employment status where at-will is not prohibited by state law.

15

## Sources:

**First Contract: 11/1/2023**
https://drive.google.com/file/d/1r2ajlCSmG7Hx1OGHG_j40ZV5TWdH9_4L/view?usp=sharing

**Second Contract: 5/1/2024**
https://drive.google.com/file/d/103Z0zT4yx3z25HGUcB8fjpMZyazAtk7c/view?usp=drive_link

**Modified Handbook provided to UI Government Entity:**
https://drive.google.com/file/d/1QuSk7A3nEcADIqzFBybDah7moMItF_L7/view?usp=sharing

- No updated handbook, addendum, or written acknowledgment was provided for this new section.

- The employer submitted a version to UI where the "Standard of Conduct" section was **merged in without disclosure or consent.**

## Attached Evidence:

1. ☑ **Original Handbook Excerpt (No Section 5.4)** – Exhibit 1.a:

   G2 employee contract H.Harrington_05082024143746.pdf
   https://drive.google.com/file/d/103Z0zT4yx3z25HGUcB8fjpMZyazAtk7c/view?usp=drive_link

   On May 20th 2024, Vanessa sent my employee contract and handbook via email, requesting me to sign and return. **NO part of Section 5.4 policies was presented in t by the employer**

# EXHIBIT 1.a: Original Email G2 Handbook and Contract May 20, 2024

| | |
|---|---|
| **Subject:** | Employee contract and handbook |
| **Date:** | Monday, May 20, 2024 at 8:43:58 PM Central Daylight Time |
| **From:** | Vanessa Beaver <vb@trecclife.org> |
| **To:** | Hannah Harrington <hh@trecclife.org> |
| **Attachments:** | G2 employee contract H.Harrington_05082024143746.pdf |

Hello Hannah,

Hope you are having a great day.

Attached to this email is your **Grant 2 employee contract.**

Also, you will be receiving an **Adobe document** with your employee handbook.
Please sign the last page to make sure you have received it.

Thank you,

Enjoy your day!

Vanessa

# Employee Handbook Policy Manipulation

**Claimant:** Hannah E. Harrington
**Employer:** FBRK Brands LLC
**Docket Number:** 2502806
**Submission Title:** Evidence of Altered Handbook Policy – Section 5.4 "Standard of Conduct"

## EEOC Number:440-2025-01423

Board of review

Mailing address:

115 S LaSalle St 19th Floor

Chicago, IL 60603

---

##  Summary of Discrepancy:

Upon reviewing the documents submitted to Unemployment Insurance (UI) by my former employer, I found that **Section 5.4 – "Standard of Conduct"** was included in the version of the employee handbook they submitted. However, this section **did not exist in the original handbook I received and acknowledged at the start of employment.**

##  Facts:

- I was never issued or made aware of a "5.4 Standard of Conduct" section during onboarding or throughout my employment.

# Physical Assault Allegation – Rebuttal with Transcript-Based Support

Claimant ID: 5311529
Name: Hannah Harrington
Docket No.: 250-2806
Location: Industrious – Willis Tower, Suite #4400
Witness Area: Conference Room B and hallway connecting to DeJuan & Vanessa's office

---

### ⋔ Employer's Claim:

Mr. DeJuan Kea alleged that I physically assaulted him on October 23, 2024.
He claimed:

- I "physically assaulted" him

- I "pushed [him] multiple times"

- I "reached in and pushed [his] stomach area"

- I was "trying to provoke [him] to respond physically"

- I attempted to "steal company property"

---

### 📑 My Response

After Mr. Kea aggressively grabbed my phone from my person and yanked the laptop from my hands, I followed him into the hallway and reached my hand into his hoodie pocket — attempting to recover my phone and personal wallet stored in the phone case.

Note: Offices are clear and camera facing sites of altercation

I was never informed I was being fired.
I was not attempting to harm anyone — I was reacting to being physically overpowered and trying to retrieve my property and ID.

---

## 🔒 Key Evidence:

**"I went toward him, I said, 'I need my phone.' I reached in his hoodie pocket. That's all. My hand was through the door, and he pushed me."**
— *Hannah Harrington's sworn testimony*

---

## ❗ Contradiction: "Chest Bump" vs. Physical Reality

**Vanessa Beavers stated that I "chest bumped" Mr. Kea.**
**However, based on layout and my testimony:**

- I was outside the office.

- He was inside.

- I reached into his hoodie with one hand.

**A "chest bump" would require full-body contact — which was physically impossible under the described conditions. My testimony, supported by logic and the space setup, contradicts this claim.**

---

## 🏛 Medical & Police Records

**Immediately after the incident, I:**

- **Sought medical attention and was diagnosed with injury consistent with blunt trauma to the chin.**

- **Attempted to file a police report, but due to officer unavailability, I was unable to file on-site.**

---

## 📑 Summary of Key Points:

- **The only person who used force was Mr. Kea, when he grabbed the phone and laptop from me.**

- I have never been written up, disciplined, or warned about aggressive behavior during my time with FBRK Brands.

- No witness confirmed seeing me "assault" anyone.

- Patrick Young, who was physically in the room, was asked three times and never said I assaulted anyone.

- There is no video or physical evidence of assault — and I am the one who was physically harmed.

- The "chest bump" claim is logically and physically inconsistent.

---

## 🔒 Request:

I respectfully ask for any available security footage from Industrious to verify the actual events and disprove these false assault claims.

## _EXHIBIT 2.a :_

Patient: HANNAH HARRINGTON, Sex: F
Date of Service: 10/26/2024 (Log# 8885721)
Date of Birth: 12/22/1985 (38 years)
Patient ID: 4269746


**Midwest Express Clinic**

Midwest Express Care
779 W Adams St
Chicago, IL 60661-3509
312-382-8308 F: 312-559-2968

## Transcription

Patient: HANNAH HARRINGTON, Sex: F (ID# 4269746)
Date of Birth: 12/22/1985 (38 years)
Visit on 10/26/2024 (Log# 8885721)
Historian: Self
**Triage Notes:**

- PT STATES SHE WAS IN AN ALTERCATION WITH HER BOSS WHERE HE TRIED TO TAKE HER LAPTOP AND THE LAPTOP FELL INTO HER FACE HITTING HER CHIN.

**History of Present Illness:**
**Complaint:**

- The patient presents with a chief complaint of constant pain of the chin since Wed, Oct 23, 2024. It has the following quality: sharp. The patient describes the severity as mild. The problem is unchanged by medication.

  Context - Initial History: The patient reports it was the result of an injury that occurred on 10/23/2024, which was work related. Patient denies that any non-work related event or illness possibly contributed to or is related to development of symptoms. The patient reports that the onset was: ASSOCIATED WITH BLUNT FORCE TRAUMA; not associated with recent illness; not associated with recent procedure; not associated with exertion; not associated with lifting heavy object; not associated with prolonged standing/walking; not associated with poor posture; not associated with injection; not associated with bite.

**Review of Systems:**
The patient complains of the following recent symptoms:

- Constitutional:
    - pain: See HPI

The patient denies the following recent symptoms:

- Neurological: denies loss of consciousness

**Allergies:**
patient specifies no known allergies
**Medications:**

- bupropion HBr: bupropion HBr; (oral) days; 0 refill(s);

**Problem List:**

- Depression, unspecified (status Active)

**Surgeries:**

- Abdominal/Pelvic surgery: Gastric bypass surgery: single procedure, performed 2021.

**Social History:**

- Tobacco Use: denies

**Family History:**

- Father: High Blood Pressure, Diabetes Mellitus, diabetes mellitus type 2.
- Mother: High Blood Pressure, Diabetes Mellitus, diabetes mellitus type 2.

**Vitals:**

- 03:27 PM (10/26/2024)
  Temperature: 98.4 °F, Pulse: 91 BPM, BP: 136/91, Respirations: 16/min, O2 Saturation: 98%, O2 Delivery: RA, Weight: 138 LBS, Height/Length: 5' 1", BMI: 26.1, Last Menses: 10/14/2024
  First entered 10/26/2024 15:27 by Adams, Mykel
  Last edited 10/26/2024 15:30 by Adams, Mykel
- 03:29 PM (10/26/2024)
  BP: 131/84

Patient: HANNAH HARRINGTON, Sex: F
Date of Service: 10/26/2024 (Log# 8885721)
Date of Birth: 12/22/1985 (38 years)
Patient ID: 4269746


Midwest
Express Clinic

Midwest Express Care
779 W Adams St
Chicago, IL 60661-3509
312-382-8308 F: 312-559-2968

## Transcription

First entered 10/28/2024 16:29 by Adams, Mykal

**Physical Exam:**
The following exam elements were documented to be abnormal:
- Skin: open wound of head noted.
  small raised nodule to right side of chin. Active ROM with to bilateral mandibulars.

The following exam elements were documented to be normal:
- General: well developed, well nourished, and in no apparent distress.
- Muscular: normal gait and posture.
- Psychiatric: oriented and alert.

**Diagnoses:**
- Unspecified injury of face, initial encounter (S09.93XA)
- Procedure and treatment not carried out because of patient's decision for unspecified reasons (Z53.20)

**Plan:**
- Discussed needing a facial CT scan to determine if fracture is present. Patient declined at this time but aware of this in the future.
- No sports or physical activity as directed
- See your provider as directed
- Return if worsens or persists
- Ibuprofen or acetaminophen as directed
- Keep injured area elevated as much as possible to decrease swelling
- Apply ice for 20 minutes at least 2-3 times per day for swelling and pain, as needed
- Please return to the clinic in 7 day(s) if not better. Call or return to this clinic sooner if your condition worsens or if you have any concerns.

Visit discharged at 10/26/2024 4:04:59 PM by Keya Lacksy, FNP-BC

Signed electronically by Keya Lacksy, FNP-BC on 10/27/2024 8:20:19 AM

Claimant ID:

5311529

Hannah Harrington
625 W. Madison St, 1010
Chicago, IL 60661
314.707.2799
HannaHHarrington@outlook.com


Illinois Department of Employment Security (IDES)
Board of Review


**Subject:** Final Appeal Regarding Unemployment Benefits Denial – Docket No. 250-2806


The employer claims I leaked confidential information, but throughout the hearing, **no one ever identified what the alleged information was or who I allegedly disclosed it to.** There was no written policy presented, no documented breach, no named recipient, and no harm demonstrated. This claim appears to have been introduced to justify my termination after the fact and was never addressed with me prior to my dismissal.

## ✗ No One Ever Stated Who You Allegedly Leaked Confidential Information To

- **DeJuan Kea** made a vague accusation that you disclosed "confidential information about the company and its executive staff."

- **But he never stated:**

    o **Who** you supposedly leaked it to (name, role, or third party),

    o **When** the disclosure happened,

    o **How** it was shared (email, phone, in person),

    o Or what **specific content** was disclosed.

Conclusion:

## 🔍 Trusted With Increased Responsibilities After Alleged Misconduct

| Date | Event / Task Assigned | Contradiction |
| --- | --- | --- |
| Aug 8–18, 2024 | Taught virtual **Web Development** course to students | Would not assign instruction to someone unfit, unstable, or violating conduct |
| Sep 19, 2024 | Taught **high school students onsite** at South Shore IPHS | Required employer trust, classroom safety, and professional reputation |
| Sep 26, 2024 | **Declined offer** from Patrick to help students build his client's business sites - I had to decline due to my contract with Fbrands. | You were still seen as competent and valuable enough to be solicited |

## 🛡 Key Questions This Raises:

1. **Why was I allowed to lead educational initiatives for youth** if I was allegedly dishonest, a threat, or abusing substances?

2. **Why did Patrick Young (SVP of Tech)** solicit me to support his personal business efforts if I was untrustworthy or unprofessional?

3. **Why was none of this "risk" documented or acted on until after October 23,** when I was physically harmed, then suddenly accused of multiple policy violations?

## ☑ Rebuttal Statement:

The employer's accusations — that I was dishonest, threatening, or involved in misconduct — do not align with their actions. I was repeatedly entrusted with sensitive responsibilities **after** the dates when I allegedly violated company policy. From August through September 2024, I was asked to teach youth technology classes and was even approached by leadership to assist with internal and external student projects. These opportunities contradict the claim that I was considered unfit for duty. This demonstrates the employer's accusations are either retaliatory or exaggerated post-termination.

Calendar 3 zoom info

Phone # 312-626-6799

Meeting ID 980-296-22696

Password  13-8444

Court Date:
8/20/2025 @ 10:00 Am



# CERTIFICATION FOR EXEMPTION FROM E-FILING

## IN THE STATE OF ILLINOIS, CIRCUIT COURT

**FILED**
JUL 0 9 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK C

**COUNTY:** Cook
*County Where You Are Filing the Case*

Enter the case information as it appears on your other court documents.

**PLAINTIFF/PETITIONER OR IN RE:** Hannah Elizabeth Harrington
*Who started the case.*      *First, Middle, and Last Name, or Business Name*

**2025L050415**
**Judge: Calendar, 3**
**Case Number**

**DEFENDANTS/RESPONDENTS:** IL Dept Employment Services
*Who the case was filed against.*   IL Board of Review
FBRK Brands, LLC.
*First, Middle, and Last Name, or Business Name*

You are automatically exempt from e-filing and you do not need to file this *Certification* if:
- you are in jail or prison;
- you are filing a will;
- you are filing into a juvenile case; or
- your disability prevents you from e-filing.

### 1. I am not able to e-file documents in this case because:
*Check why you are asking to file by mail, in person, or another way.*

☒ I do not have a lawyer and at least one of the following statements is true:
- I do not have the Internet or computer access in the home and travel presents a hardship (financial or otherwise);
- I have trouble reading, writing, or speaking in English, or
- I tried to e-file my forms, but was not able to complete the process because the equipment or help I need was not available.

☐ I am filing a document in a sensitive case, such as a petition for an order of protection or a civil no contact/stalking order.

### 2. For the reason above, I am entitled to a good cause exemption from e-filing under Illinois Supreme Court Rule 9(c)(5).

## SIGN
I certify under 735 ILCS 5/1-109 that:
1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and
2) I understand that making a false statement on this form is perjury and has penalties provided by law.

*If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.*

Your Signature /s/ _____   Print Your Name Hannah Harrington

Your Phone Number 314.707.2799   Attorney Number (if any) _____

Your Email (if you have one) Hannah Harrington@outlook.com

Your Address 625 W. Madison St, 1010  Chicago, IL 60661
*Street, Apt. #*        *City*        *State*   *Zip Code*

**Be sure to check your email every day so you do not miss important information, court dates, or documents from other parties.**

*This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts. Forms are free at ilcourts.info/forms.*
EW-C 3401.4                 Page 1 of 1                 (11/24)

**Civil Action Cover Sheet - Case Initiation**       **(12/01/24) CCL 0520**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Hannah Elizabeth Harrington

FBRK Brands, LLC v.
IL Dept Employment Services / Board of Review

No.     **2025L050415**
    **Judge: Calendar, 3**

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand   ☐ Yes   ☐ No

**FILED**
**JUL 0 9 2025**
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

(FILE STAMP)

### PERSONAL INJURY/WRONGFUL DEATH

CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### TAX & MISCELLANEOUS REMEDIES

CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☒ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Hannah E. Harrington
     (Attorney)      (Pro Se)

### COMMERCIAL LITIGATION

CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please specify below.**)
- ☐ 075 Other Commercial Litigation
  (Please specify below.**)
- ☐ 076 Retaliatory Discharge

### OTHER ACTIONS

CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

_____

Primary Email: _____

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ☒ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: Hannah.Harrington@outlook.com

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
Page 1 of 1

**Pro Se Complaint for Administrative Review**             **(12/01/24) CCL 0093 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Hannah Elizabeth Harrington

                         **Plaintiff**

v.

ILLINOIS DEPARTMENT OF
EMPLOYMENT SECURITY, an administrative
agency of the State of Illinois; DIRECTOR
OF THE ILLINOIS DEPARTMENT OF
EMPLOYMENT SECURITY; BOARD OF
REVIEW, an administrative agency of the State
of Illinois; and

Case No.     **2025L050415**
                    **Judge: Calendar, 3**

IDES Board of Review , employer
                            **Defendant**

### PRO SE COMPLAINT FOR ADMINISTRATIVE REVIEW

Now comes the Plaintiff Hannah Harrington _____ pursuant to
Chapter 735 ILCS 5/3-101 through 735 ILCS 5/3-112 inclusive and complains of the Defendants,
ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY: DIRECTOR OF THE ILLINOIS
DEPARTMENT OF EMPLOYMENT SECURITY; BOARD OF REVIEW, administrative
agencies of the State of Illinois:

    FBRK Brands, LLC. _____ (employer) and alleges as follows:

1. Plaintiff resides in Cook County, Illinois.

2. On 06/05/25 a final administrative decision was rendered by the Department of
   Employment Security; Board of Review, affecting the rights of the Plaintiff.

3. The Plaintiff desires a judicial review of said decision, a copy of which is attached hereto as
   Exhibit No. 1, because said decision is not in accordance with the law.

4. FBRK Brands, LLC. _____ (employer) was a party of record in the administrative
   proceedings sought to be reviewed in the action.

5. Department of Employment Security; Board of Review is hereby requested to file an answer
   consisting of the record of proceedings had before the said administrative agency.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

**Pro Se Complaint for Administrative Review**                    **(12/01/24) CCL 0093 B**

6.  The Plaintiff has exhausted all available administrative remedies under the Act and has no further plain, speedy and adequate remedy in the ordinary course of the law.

WHEREFORE, the Plaintiff prays that said record be judicially reviewed.

_____
Plaintiff Pro Se

Atty. No.: _____
Pro Se 99500

Name: Hannah Herrington

Atty. for (if applicable): _____

Address: 625 W. Madison St, 1010

City: Chicago

State: IL   Zip: 60661

Telephone: 314.707.2799

Primary Email: HannahHerrington@outlook.com



Notice of Motion and Status Call               (05/20/25) CCL 0091 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

Hannah Harrington

_____
                    Plaintiff

v.

ILLINOIS DEPARTMENT OF
EMPLOYMENT SECURITY, an administrative
agency of the State of Illinois; DIRECTOR
OF THE ILLINOIS DEPARTMENT OF
EMPLOYMENT SECURITY; BOARD OF
REVIEW, an administrative agency of the State
of Illinois; and

FBBK Brands, LLC,
_____ , employer
DEFENDANTS

No. **2025L050415**
**Judge: Calendar, 3**
_____

## NOTICE OF MOTION AND STATUS CALL

TO:  Board of Review
      115 S. LaSalle Street, LL2
      Chicago, IL 60603

      Director of the Illinois Department of
      Employment Security
      115 S. LaSalle Street, LL2
      Chicago, IL 60603

(YOUR EMPLOYER)

233 S. Wacker St
# 4400
Chicago, IL 60606

On 8/20/2025 at 10:00 AM ~~9:30 a.m.~~, I shall appear before the judge presiding in Room 2505,
Richard J. Daley Center, Chicago, IL 60602, and request the judge to conduct a status call and set a
hearing date.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

No. _____

**Notice of Motion and Status Call**

(05/20/25) CCL 0091 B

○ Atty. No.: _____   ☒ Pro Se 99500

Atty Name: _____

Atty. for: _____

Address: _1025 W. Madison St, 1010_

City/State/Zip: _Chicago, IL 60661_

Telephone: _314.707.2799_

Primary Email: _HannahHarrington@outlook.com_

FILED
JUL 0 9 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY

**PROOF OF SERVICE BY MAIL**

I, _Hannah E. Harrington_ _____ on oath state:

   Name

I served this notice by mailing a copy to the above named defendant(s) at the above address(es) and depositing same with the Clerk of the Circuit Court for mailing.

/s/ _____

            Signature

If not an attorney:

Signed and sworn before me on: _____

_____

            Notary Public

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 2



FILED
JUL 0 9 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**Summons in Administrative Review**      **(05/16/25) CCL 0092 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Hannah Elisabeth Herrington
_____ Plaintiff

v.

**ILLINOIS DEPARTMENT OF EMPLOYMENT
SECURITY**, an administrative agency of the
State of Illinois; **DIRECTOR OF THE ILLINOIS
DEPARTMENT OF EMPLOYMENT SECURITY**;
**BOARD OF REVIEW**, an administrative agency of
the State of Illinois; and
FBRK Brands, LLC , employer
                         Defendant

Case No. **2025L050415**
**Judge: Calendar, 3**
_____

### SUMMONS IN ADMINISTRATIVE REVIEW

To Each Defendant:

A request for a judicial review of a decision delivered by an administrative agency has been filed by the Plaintiff named above. Read all documents attached to this Summons, including the Complaint.

**FILING AN APPEARANCE:** To participate in the case, you MUST file an official document with the court **within 35 days** after you have been served (not including the day of service). This process is called an "Appearance" and the official document is called an "Answer/Response". If you do not file an Appearance and Answer/Response on time, the court may decide the case without hearing from you. This is called a "default". As a result, you could lose the case.

**E-FILING: You do not need to come to the courthouse to file your appearance/answer.** After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

**FILING FEES:** You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.

**FORMS:** Statewide standardized forms, including the Appearance, Answer and Fee Waiver forms, are available at ilcourts.info/forms. Other court forms, specific to Cook County Circuit Court, are available at https://services.cookcountyclerkofcourt.org/Forms/.Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 4

Case No. _____

**Summons in Administrative Review**

(05/16/25) CCL 0092 B

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

**ATTEND COURT:**

On _____ at _____  ○ AM  ○ PM. in courtroom _____

It is possible that the court will allow you to attend the first court date in this case:

⌐ **in person at:**

_____

| Courthouse Address | City | State | Zip |

⌐ **remotely** by:

☐ **Video:**

Video conference website: _____

Meeting #: _____  Password: _____

☐ **Phone:** _____

Contact the Circuit Court Clerk's office at (312) 603-5030 or visit the Court's website at www.cookcountyclerkofcourt.org to find out how to do this. Contact information for each of the Clerk's Office locations is included with this summons. Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NEED HELP?** Call or text Illinois Court Help at (833) 411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

**¿NECESITA AYUDA?** Llame o envíe un mensaje de texto a Illinois Court Help al (833) 411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

Witness Date: _____  Clerk of Court  Mariyana T. Spyropoulos JUL 0 9 2025 _____

(SEAL)

MARIYANA T. SPYROPOULOS
CLERK OF CIRCUIT COURT

○ Atty. No.: _____

☒ Pro Se 99500

Atty Name: ~~Hannah Harrington~~

Atty. for: _____

Address: 625 W. Madison St, 1010

City: Chicago

State: IL  Zip: 60661

Telephone: 314 707 2799

Primary Email: HannahHarrington@outlook.com

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

cookcountyclerkofcourt.org

Case No. _____

**Summons in Administrative Review**                    **(05/16/25) CCL 0092 C**

## CERTIFICATE OF SERVICE

I, Hannah Elizabeth Harrington _____, certify under penalties as provided in 735 ILCS 1-109 that I served the following parties by registered or certified mail on _____

Date: _____    Signature /s/ _____

| Defendant | Address |
|---|---|
| Board of Review | Office of Legal Counsel<br>115 S. LaSalle Street, LL2, Chicago, IL 60603 |
| Director of the Illinois Department of Employment Security | Office of Legal Counsel<br>115 S. LaSalle Street, LL2, Chicago, IL 60603 |

FBRK Brands, LLC. _____    233 S. Wacker St. #4400 Chicago IL 60606 _____
Employer                              Employer's Address

/s/ _____
Plaintiff Signature

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 4

## GET YOUR COURT DATE BY PHONE OR EMAIL

Call or send an email message to the division or district where the case was filed to request the next court date. For civil case types, provide the case number, or, if you do not have your case number, provide the names of the Plaintiff and Defendent. For criminal case types, provide the Defendant's name and birthdate.

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

General Phone Number:  (312) 603-5030
Office Hours:  8:30 A.M. - 4:30 P.M.
cookcountyclerkofcourt.org

○ District 1 - Chicago*
Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077
Phone: (847) 470-7250

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008
Phone: (847) 818-3000

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153
Phone: (708) 865-6040

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455
Phone: (708) 974-6500

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428
Phone: (708) 232-4551

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607
Phone: (312) 325-9500

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**\*Daley Center Divisions/Departments**

○ Civil Division
Richard J Daley Center, Room 601
Phone: (312) 603-5116

○ Chancery Division
Richard J Daley Center, 802
Phone: (312) 603-5133

○ Domestic Relations/Child Support Division
Richard J Daley Center, Rm 802
Phone: (312) 603-6300

○ Civil Appeals
Richard J Daley Center, Rm 801

○ Criminal Department
Richard J Daley Center, Rm 1006

○ County Division
Richard J Daley Center, Rm 1202
Phone: (312) 603-5710

○ Probate Division
Richard J Daley Center, Rm 1202
Phone: (312) 603-6441

○ Law Division
Richard J Daley Center, Rm 801
Phone: (312) 603-5426

○ Traffic Division
Richard J Daley Center, Lower Level
Phone: (312) 603-2000

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 4 of 4

4050-0651

**Illinois Department of Employment Security**
Board of Review
115 S. LaSalle St.
19th Floor
Chicago, IL 60603
Phone: (312) 793-5176 · TTY: (800) 244-5631
Fax: (630) 645-3731
www.ides.illinois.gov



HANNAH E. HARRINGTON
625 W MADISON ST APT 1010
CHICAGO, IL 60661-2720

11 / 10279

| | |
|---|---|
| Date Mailed: | 06/05/2025 |
| Claimant ID: | 5311529 |
| Docket Number: | 2502806 |
| Appeal Filed Date: | 03/19/2025 |

## Board of Review Decision

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631.)

**Claimant Appellant**
HANNAH E. HARRINGTON
625 W MADISON ST APT 1010
CHICAGO, IL 60661-2720

**Employer**
FBRK BRANDS LLC FBRK BRANDS LLC
c/o PAYCHEX (BENEFITS)

**Employer's Agent**
C/O PAYCHEX (BENEFITS)
PO BOX 2000
HENRIETTA, NY 14467-2000

Type of Appeal: Misconduct

| Issue | Benefit Period |
|---|---|
| 602A | 12/01/2024 to 12/31/9999 |

MC 485.05

This is an appeal by the claimant from a Referee's decision dated 02/19/2025, which set aside the claims adjudicator's determination and held that pursuant to 820 ILCS 405/602A, the claimant is not eligible for benefits from 12/01/2024. The employer is a party to these proceedings.

A written argument accompanying the claimant's appeal submitted on the claimant's behalf was not certified in writing to have been mailed to or served upon the opposing party, as required by Section 2720.315 of the Benefit Rules. Therefore, the claimant's argument was not considered by us in connection with this appeal. The claimant filed another written argument on May 8, 2025. The written argument submitted on the claimant's behalf was not certified in writing to have been mailed to or served upon the opposing party and not timely filed, as required by Section 2720.315 of the Benefit Rules. Therefore, the argument was not considered by us in connection with this appeal. The claimant on May 8, 2025 seeks to submit additional evidence consisting of various documents. We have not considered the claimant's request to submit additional evidence pursuant to Section 2720.315 of the Benefit Rules as the claimant failed to certify in writing that such request was served upon the employer.

We have reviewed the record of the evidence in this matter, including the transcript of the testimony submitted at the hearing conducted by telephone on 02/14/2025, at which the claimant and employer appeared and testified. The record adequately sets forth the evidence so that no further evidentiary proceedings are deemed necessary.

The record discloses that the claimant was employed by the employer as a SVP of analytics until October 25, 2024 when the claimant was discharged by the employer due to the claimant engaging in inappropriate conduct.

The employer's policies prohibited employees from fighting with fellow employees. The employer on October 11, 2024 had warned the claimant due to the claimant having verbally threatened an employee.

The employer conducted an employer's website review meeting on October 23, 2024 at which the claimant, the employer's SVP of operations, the employer's vice president of programming, the employer's senior vice president of technology and the employer's energy coordinator attended. The employer during the meeting was covering the claimant's responsibility of managing the employer's data and employer's information on the website. The claimant's tone and mood changed during the meeting to a point that the employer's SVP of operations recommended that the meeting be paused as it was not being productive. The claimant

L01L

Page 1 of 3

APL001L

HANNAH E. HARRINGTON                                                    06/05/2025

proceeded to become very belligerent. The claimant indicated a desire to take the employer's property and proceeded to physically assault the employer's SVP of operations. The claimant was asked to leave but refused to do so. The employer had to call security in order to remove the claimant from the building.

820 ILCS 405/602A provides that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.

The testimony of the employer's SVP of operations taken in conjunction with the employer's other witnesses support a finding that the claimant physically assaulted the employer's SVP of operations in violation of the employer's policies. We find that the claimant failed to present such credible testimony to refute the testimony offered by the employer's witnesses. We hold that the evidence contained with the record supports a finding that the claimant on October 23, 2024 physically assaulted the employer's SVP of operations in violation of the employer's policies. We finally hold that the claimant's actions on October 23, 2024 constituted a deliberate and willful violation of the employer's policy concerning employee behavior which caused the employer harm.

The evidence adduced at the hearing established that the claimant was discharged for misconduct connected with the work under the general definition of misconduct contained in Section 602A of the Illinois Unemployment Insurance Act.

Pursuant to 820 ILCS 405/602A, the claimant is not eligible for benefits from 12/01/2024.

The decision of the Referee is AFFIRMED.

**(Este es un aviso importante respecto a sus derechos a repasar por los cortes. Si no entiende, busque un intérprete.)**

Notice of rights for further review by the courts:
If this is a final decision, and not a remand, you can appeal if you are aggrieved by the decision. If you want to appeal, you must file a complaint for administrative review and have summons issued in circuit court within 35 days from the mailing date, 06/05/2025.

You may only file your complaint in the circuit court of the county in which you reside or in which your principal place of business is located. If you neither reside nor have a place of business within Illinois, then you must file your complaint in the Circuit Court of Cook County.

Legal references:
Illinois Unemployment Insurance Act, 820 Illinois Compiled Statutes 405/1100
Administrative Review Law, 735 Illinois Compiled Statutes 5/3-101 et seq.

**TO:** HANNAH E. HARRINGTON, Claimant
**TO:** C/O PAYCHEX (BENEFITS), Employer Agent

**CC:** FBRK BRANDS LLC c/o PAYCHEX (BENEFITS) , Employer

4050-0652

HANNAH E. HARRINGTON                                                06/05/2025

## Board of Review

Docket Number: 2502806

*Brittany B. Kimble*

Brittany Kimble, Chair

*Lamarcus Williams*

Lamarcus Williams, Board Member

*Anthony Beach*

Anthony Beach, Board Member

*Deborah Hagan*

Deborah Hagan, Board Member

*Teresa Ramirez*

Teresa Ramirez, Board Member

Date and Mailed on 06/05/2025 at Chicago, Illinois